AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 13-8061-JMH |
| Rolando CASTANEDA-HERRERA | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

FILED by _____ D.C.

FEB 1 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 28, 2013__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §§ 1326(a) and (b)(1) | Illegal Re-entry After Removal |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

*Complainant's signature*

ICE Deportation Officer Andy Korzen
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 02/01/2013

*Judge's signature*

City and state: West Palm Beach, FL

Hon. James M. Hopkins, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Andy Korzen, being duly sworn, depose and state as follows:

1. I am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") and have been so employed for over nine years. Your affiant is currently assigned to the Enforcement and Removal Operations, Criminal Alien Program, Stuart, Florida. As a Deportation Officer with ICE, my duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2. The information contained in this affidavit is based upon my own knowledge, a review of the alien file corresponding to Rolando CASTANEDA-HERRERA, also known as Rolando CASTENADA, as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding this investigation but only those facts necessary to establish probable cause to charge.

3. On or about January 28, 2013, Rolando CASTANEDA-HERRERA was arrested on a State law offense and booked into the Palm Beach County Jail under the name of Rolando CASTENADA. Upon booking, his fingerprints were scanned into the Integrated Automated Fingerprint Identification System ("IAFIS"), an FBI database that matches scanned fingerprints against existing fingerprints in the system. This revealed that the subject's fingerprints matched those of Rolando CASTANEDA-HERRERA, who had been previously removed from the United States.

4. On or about January 28, 2013, your affiant received a certified copy of the fingerprint card containing the prints taken in connection with Rolando CASTANEDA-HERRERA's January 28, 2013 arrest.

5.   On or about January 29, 2013, Immigration Enforcement Agent Samuel Torres traveled to the Palm Beach County Jail and took a sworn statement from Rolando CASTANEDA-HERRERA after advising him of his rights under *Miranda*, which he waived. Rolando CASTANEDA-HERRERA admitted to being a citizen of Mexico and that he last entered the United States in 2012, after having been previously deported from the United States in 2011. Rolando CASTANEDA-HERRERA further admitted that he did not seek permission to re-enter the United States.

6.   On or about January 31, 2013, your affiant reviewed the alien file assigned to Rolando CASTANEDA-HERRERA. Records show that on or about June 1, 2011, Rolando CASTANEDA-HERRERA was convicted of the felony offense of Driving While Intoxicated. Records within that immigration file also show that Rolando CASTANEDA-HERRERA is a native and citizen of Mexico who was ordered removed from the United States on or about September 9, 2008. A Warrant of Removal was executed on or about November 14, 2011, whereby Rolando CASTANEDA-HERRERA was removed from the United States. Prior to being removed from the United States, law enforcement officers obtained Rolando CASTANEDA-HERRERA's fingerprint on the Warrant of Removal.

7.   Border Patrol Agent Richard Abbott compared the prints appearing on the aforementioned fingerprint card with the print appearing on the Warrant of Removal. Agent Abbott determined that the fingerprint impressions were made by one and the same person.

8.   Your affiant performed a record check in the Computer Linked Application Informational Management System ("CLAIMS") running the name Rolando CASTANEDA-HERRERA. CLAIMS is the system that tracks applications for immigration benefits and actions taken regarding such applications. From the last date of removal, that is on or about November

14, 2011, the CLAIMS database did not reflect any application had been submitted under the name Rolando CASTANEDA-HERRERA for express consent to re-apply.

9. Based on the foregoing, your affiant believes that there exists sufficient probable cause to charge Rolando CASTANEDA-HERRERA, also known as Rolando CASTENADA with Illegal Re-entry After Removal, in violation of Title 8, United States Code, Sections 1326(a) and (b)(1).

_____
Deportation Officer Andy Korzen
Immigration and Customs Enforcement

Sworn to and subscribed before me
this __1__ day of February 2013,
in West Palm Beach, Florida.

_____
HONORABLE JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

3